

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-21-00070-CV

_____

IN RE A.C., Relator

---

Original Proceeding
442nd District Court of Denton County, Texas
Trial Court No. 20-4042-442

---

Before Birdwell, Bassel, and Wallach, JJ.
Memorandum Opinion by Justice Birdwell

Relator A.C. (Mother) seeks mandamus relief from an order that she contends was orally rendered at a February 10, 2021 hearing on temporary orders, *see* Tex. Fam. Code Ann. § 201.104(e), in a suit affecting the parent–child relationship (SAPCR) initiated by Real Party in Interest the Office of the Attorney General on May 26, 2020. Because the challenged order does not exist in an enforceable form, we deny Mother's petition.

By its original petition, the OAG sought conservatorship and child-support orders for A.J.C., the daughter of Mother and Real Party in Interest W.C. (Father). In the interim between the filing of the SAPCR and the hearing on temporary orders, Mother moved herself and A.J.C. to Missouri in apparent violation of Section 1.1 of the Denton County Standing Order Regarding Children, Property and Proper Conduct of the Parties, which forbids any party from removing a child who is a subject of a SAPCR from the State of Texas, absent certain exceptions that are not relevant to our analysis. *See* 442nd (Tex.) Dist. Ct., Denton County Standing Order Regarding Children, Property and Conduct of the Parties (Feb. 15, 2019), https://www.dentoncounty.gov/DocumentCenter/View/487/02-15-2019-Denton-County-Standing-Orders-for-Divorce---Family-Cases-PDF. Section 7.1 of the Standing Order imposed upon the OAG an obligation to attach a copy of the order to its original petition, an obligation that was enforceable by the district clerk whether the petition was filed electronically or not. Significantly, the Standing Order is subject

to enforcement against a party only if the party receives actual notice of its mandates. By her petition for writ of mandamus, Mother disputes that she received service of the Standing Order with the OAG's petition and denies ever having received actual notice of the Standing Order before she moved with A.J.C. to Missouri.

As to the order from which she seeks mandamus relief, there is some confusion. Mother asserted in her petition that the trial court ordered her to return to Denton County, Texas to attend a March 17, 2021 Zoom hearing, and she asked this court to direct the trial court to rescind that order.[1] After we granted her motion for emergency relief and stayed the March 17 hearing until we disposed of her petition, we requested responses from both the OAG and Father. In their responses, the OAG and Father characterized the trial court's order slightly differently than Mother had, stating that the trial court ordered Mother to return A.J.C. to Denton County within 30 days of the February 10 hearing—several days prior to March 17. In her reply to the OAG's response, Mother thereafter conceded that, in addition to ordering her to attend the March 17 Zoom hearing while physically present in Denton County, the trial court rendered "an order directing [her] to return [with] the child [to Texas] within 30 days."

---

[1]Characterized in this manner, ordering a party residing in another state to physically return to Texas merely to attend a hearing to be conducted via an Internet video conference caused this court some consternation given that Mother had apparently attended the February 10 hearing via Zoom and her travel would defeat the purpose of conducting the hearing in this manner, i.e., to avoid an increased risk of exposure to the COVID-19 virus.

3

Unfortunately, although the parties all seem to agree that during the February 10 hearing, the trial court orally rendered an order of some kind requiring the return of both Mother and A.J.C. to Texas, our record remains bereft of any such ruling. Mother and the OAG represent (and Father does not dispute) that the trial court did not reduce this alleged order to writing. Moreover, no party has provided this court with a reporter's record of the hearing, and no party contends that a record was made. *See In re Bledsoe*, 41 S.W.3d 807, 811 (Tex. App.—Fort Worth 2001, orig. proceeding) (holding that mandamus relief may be based on oral ruling only if the ruling is a "clear, specific, and enforceable order that is adequately shown by the record"); *cf. In re Poteet*, No. 02-13-00023-CV, 2013 WL 150381, at *1 (Tex. App.— Fort Worth Jan. 15, 2013, orig. proceeding) (per curiam) (mem. op.) ("Relator cannot be held in contempt for violating an oral pronouncement until it is reduced to a signed order . . . ."). And no party has produced a copy of a docket sheet notation reflecting the trial court's rendition of an order. *See* Tex. Fam. Code Ann. § 101.026 (defining "render" for purposes of the Family Code to include a judge's pronouncement made "orally in the presence of the court reporter or in writing, including on the court's docket sheet or by a separate written instrument"); *see also In re A.F.*, No. 02-19-00117-CV, 2019 WL 4635150, at *9 (Tex. App.—Fort Worth Sept. 24, 2019, no pet.) (observing that for SAPCR suits, Section 101.026 alters the general rule that a docket sheet entry does not constitute a decree of the court).[2]

[2]Having been provided with no record of the challenged order, this court

4

Because the order made the subject of Mother's petition does not exist in a form subject to enforcement by the trial court, there is no basis for our granting the mandamus relief she seeks. We therefore deny her petition without reference to the merits. *See Poteet*, 2013 WL 150381, at *1 (denying mandamus petition seeking relief from contempt order when no contempt order existed). We lift the stay previously ordered by this court.

/s/ Wade Birdwell

Wade Birdwell
Justice

Delivered: April 29, 2021

---

eventually sought, sua sponte, to supplement the mandamus record through inquiries made by our clerk to the district clerk, the court reporter for the trial court, and the court coordinator for the trial court, *see* Tex. R. App. P. 52.7(b), only to determine that, contrary to the representations of Mother and the OAG, the source of the order was not the judge of the trial court, but the associate judge for Title IV-D cases in Denton County who conducted the February 10 hearing. *See* Tex. Fam. Code Ann. § 201.104; Tex. Gov't Code Ann. § 22.221(b)(3). Though not solicited directly by our clerk, the associate judge helpfully responded by email that she never actually ordered the return of A.J.C. to Texas, but merely requested the child's return. The confusion thereby evidenced by the parties concerning what Mother was actually ordered to do, if anything, aptly demonstrates why even Section 101.026's more relaxed standard for rendition requires something tangible in writing, whether by written order, docket entry, or hearing transcript.